UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL D. BOOTH,

    Plaintiff,

v.

SCOTT FINK, et al.,

    Defendants.

_____/

Case No. 1:23-cv-758

Hon. Hala Y. Jarbou

## OPINION

Plaintiff Earl D. Booth brings this action under 42 U.S.C. § 1983 against Scott Fink, an internal affairs investigator for the Michigan Department of Corrections ("MDOC"), and Clinton County Sheriff Sean Dush. Booth sues Dush in his official capacity only. (Am. Compl. ¶ 3, ECF No. 24.) Before the Court is Booth's motion under Rule 41 of the Federal Rules of Civil Procedure to voluntarily dismiss Defendant Dush without prejudice (ECF No. 33).

### I. BACKGROUND

Booth, who worked as a corrections officer for the MDOC, alleges that in January 2022, Fink investigated him for a violation of the MDOC's social media policy after Booth posted a video on his Facebook account showing him being "sucker punched" by a prisoner. (Am. Compl. ¶¶ 8-12.) Later, on June 27, 2023, Fink was arraigned at the Livingston County District Court due to criminal charges against him related to prostitution. (*Id.* ¶¶ 23-24.) Booth posted a comment about these events on Facebook. Booth also attended the arraignment for the purpose of recording Fink at the courthouse. (*Id.* ¶ 28.)

The next day, Fink applied for an ex parte personal protection order ("PPO") against Booth from the Clinton County Circuit Court. (*See* Pet. for PPO, ECF No. 13.) According to the petition, Booth and Fink were employees of the MDOC at the Charles Egeler Reception and Guidance

Center.  Booth had filed a federal lawsuit against Fink regarding Fink's investigation of Booth. Fink claimed that he was ordered to not have contact with Booth due to that lawsuit.  Fink also contended that the MDOC suspended Booth from work in April 2023 due to a "threatening" Facebook post in which Booth named Fink and other MDOC employees.  (*Id.*, PageID.101.)

The state court issued the PPO on June 29, 2023, prohibiting Booth from "following or appearing within sight of" Fink, appearing at Fink's residence, "approaching or confronting [Fink] in a public place or on private property," or "photographing or videotaping" Fink.  (Ex Parte PPO, ECF No. 24-4.)  The PPO also prohibited Booth from "posting a message through the use of any medium of communication, including the Internet or a computer or any electronic medium, pursuant to [Mich Comp. Laws §] 750.411s."  (*Id.*, PageID.156.)

Defendant Dush allegedly entered the PPO into Michigan's Law Enforcement Information Network ("LEIN") system.  (Am. Compl. ¶ 39.)

In Count I of his amended complaint, Booth claims that he was deprived of his right to due process when the state court issued the PPO without giving him an opportunity to respond and then Dush "effectuated" that due process violation by entering the PPO into the LEIN system.  (*Id.* ¶ 52.)  In Count II, Booth contends that the PPO violates his rights under the First Amendment by prohibiting him from engaging in protected speech or conduct.  In Count III, he contends that the Michigan PPO statute, as applied to him, violates his rights under the First Amendment for the same reasons.  In Counts IV and V, he contends that Fink retaliated against him for engaging in protected speech by securing a PPO using false or incomplete statements.  In Count VI, Booth contends that Fink conspired with an unidentified state court official to deprive Booth of his rights under the First Amendment.

As relief, Booth seeks the following: damages against Fink; nominal damages of $1.00 against Dush; an injunction preventing Dush from enforcing Michigan's PPO statute; a declaration that Michigan's PPO statute, as applied to Booth, violates his constitutional rights; and attorney's fees and costs.

## II. PROCEDURAL HISTORY

Booth filed his initial complaint on July 9, 2023, along with an ex parte motion for a temporary restraining order and preliminary injunction prohibiting Dush from enforcing Michigan's PPO statute to the extent it violates the First Amendment. Two days later, Booth filed his amended complaint. On July 19, 2023, the Court denied the motion for a temporary restraining order, giving Defendants an opportunity to respond to the request for a preliminary injunction. Booth then withdrew his motion.

On August 1, 2023, Dush filed an answer to the amended complaint. On August 16, 2023, Booth filed his motion to voluntarily dismiss Dush without prejudice. On August 31, 2023, the Clerk of the Court entered a default against Fink because he has "failed to plead or otherwise defend" as required by the federal rules. (Default, ECF No. 42.)

## III. STANDARD

Rule 41(a) of the Federal Rules of Civil Procedure, which governs the voluntary dismissal of *actions*, provides as follows:

(1) *By the Plaintiff*.

> (A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>
>> (ii) a stipulation of dismissal signed by all parties who have appeared.

3

> (B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) *By Court Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

Booth does not rely upon Rule 41(a)(1), ostensibly because Dush has filed an answer to the complaint and Dush has not stipulated to the dismissal of the claims against him. Instead, Booth relies upon Rule 41(a)(2), which permits dismissal by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order says otherwise, the dismissal is without prejudice. *Id.*

Dush does not concur with the motion because Booth wants the Court to dismiss his claims against Dush without prejudice, whereas Dush wants the Court to either dismiss the claims against him *with* prejudice or require that Booth pay Dush's legal costs if Booth files a similar complaint against Dush in the future.

The problem with Booth's request is that Rule 41(a) "allows only for dismissal of *actions*, not claims." *Griesmar v. City of Stow*, No. 22-3151, 2022 WL 17581658, at *4 (6th Cir. Dec. 12, 2022). Thus, Booth cannot voluntarily dismiss his claims against Dush under Rule 41 without also dismissing his claims against Fink. *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (noting that Rule 21, not Rule 41, is the proper avenue for dismissing a single party). Although the Court of Appeals has approved the use of Rule 41 to dismiss all *remaining* claims in a case, *see Rowland v. Southern Health Partners, Inc.*, 4 F.4th 422, 425-26 (6th Cir. 2021), Booth's

4

motion does not seek to dismiss all remaining claims. Despite the default entered against Fink, the claims against Fink remain pending unless and until the Court resolves them via dismissal, default judgment, or some other means. Accordingly, the Court will deny the motion.

## IV. CONCLUSION

For the reasons herein, the Court will deny the motion to dismiss Dush. The Court will enter an order in accordance with this Opinion.

Dated: February 2, 2024  /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE