UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL D. BOOTH,

    Plaintiff,

v.

                            Case No. 1:23-cv-758

SCOTT FINK, et al.,

                            Hon. Hala Y. Jarbou

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's motion (ECF No. 68) seeking reconsideration of the Court's opinion concluding that he is not entitled to damages against Defendant Dush, who is sued in his official capacity only.  (*See* 8/14/2024 Op. 9, ECF No. 9.)  The Court held that, because Dush acted as an "arm of the state," Plaintiff's official capacity claim against him was "effectively one against the State of Michigan."  (*Id.*)  But the Eleventh Amendment bars Plaintiff from obtaining damages from state agents sued in their official capacities.  (*Id.*)

Plaintiff responds that this holding is incorrect because there is a possibility that the State will waive its immunity by intervening in the suit.  Because Plaintiff's case calls into question the constitutionality of a Michigan statute, the Court sent notice to the Michigan Attorney General in accordance with 28 U.S.C. § 2403(b), which permits the State of Michigan "to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality."  *Id.*  Plaintiff argues that, if the State decides to intervene, it will waive its sovereign immunity.  Thus, Plaintiff seeks reconsideration to preserve the possibility of obtaining damages through his official capacity claim against Dush.

Plaintiff's motion for reconsideration requires him to "not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different

disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). He has not made that showing.

First, Plaintiff's motion is premature. The State has not intervened. Unless and until that happens, there is no reason to decide whether the State has waived its immunity.

Second, his argument is not persuasive. Some cases do indicate that a state's litigation conduct, including its voluntary intervention in a case, can waive its sovereign immunity. *See Bd. of Regents of Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 465 (7th Cir. 2011) ("When a state chooses to intervene in a federal case, it waives its [sovereign] immunity for purposes of those proceedings."); *Gunter v. Atl. Coast Line R.R. Co.*, 200 U.S. 273, 284 (1906) ("[W]here a state voluntarily become[s] a party to a cause, and submits its rights for judicial determination, it will be bound thereby, and cannot escape the result of its own voluntary act by invoking the prohibitions of the 11th Amendment."). However, Plaintiff cites no cases in which a court held that a state's intervention under § 2403(b) operated to waive its sovereign immunity for a damages claim.

The text of § 2403(b) undermines Plaintiff's argument. It provides that the extent of a state's intervention is limited. It intervenes solely "for presentation of evidence" and "for argument on the question of constitutionality [of the state statute]." 28 U.S.C. § 2403(b). In other words, it does not intervene for the purpose of adjudicating its own rights in the case, such as defending against a plaintiff's damages claim.

The statute also specifies the extent of a state's liability after intervention. The state "shall have all the rights of a party and be subject to all the *liabilities* of a party *as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality*." *Id.* (emphasis added). Liability for court costs related to the presentation of

2

facts and argument is not the same as liability for damages for the underlying claim. This limited liability is consistent with the limited nature of the intervention and with retention of the state's sovereign immunity after intervention.

Other courts considering this question have reached the same conclusion. *See, e.g., Sutton v. Leesburg*, No. 4:20-CV-00091-ACA, 2021 WL 1264244, at *9 (N.D. Ala. Apr. 6, 2021); *Williams v. Murphy*, No. 3:13-CV-01154 (MPS), 2018 WL 2016850, at *16 (D. Conn. Mar. 29, 2018); *Comfort ex rel. Neumyer v. Lynn Sch.*, 131 F. Supp. 2d 253, 254 n.2 (D. Mass. 2001); *see also Tennessee v. Garner*, 471 U.S. 1, 22 (1985) ("The State is a party only by virtue of 28 U.S.C. § 2403(b) and is not subject to liability.").

In short, Plaintiff's motion is both unnecessary and unpersuasive. It addresses a scenario that has not occurred. There is no need to seek reconsideration now for an event that may never come to pass. At any rate, the Court is not persuaded that intervention under § 2403(b) would waive the State's sovereign immunity. Thus, for the foregoing reasons, the Court is not persuaded that there is any error in the Court's opinion and order, or that a different disposition is warranted. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 68) is **DENIED**.

Dated: August 30, 2024               /s/ Hala Y. Jarbou
                                     HALA Y. JARBOU
                                     CHIEF UNITED STATES DISTRICT JUDGE