UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL D. BOOTH,

    Plaintiff,

v.

SCOTT FINK, et al.,

    Defendants.

_____/

Case No. 1:23-cv-758

Hon. Hala Y. Jarbou

## ORDER

Before the Court is Plaintiff's response and objections (ECF No. 66) to the Court's August 14, 2024, order requiring him to show cause as to why the Court should not dismiss the claims against Defendant Dush as moot. First, he notes, correctly, that the burden of establishing mootness falls on Defendant.

Second, he notes that there is an exception to mootness that applies when "(1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and (2) there is a reasonable expectation or a demonstrated probability that the controversy will recur." *Memphis A. Randolph Inst. v. Hargett*, 2 F.4th 548, 559 (6th Cir. 2021) (quoting *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006)). Plaintiff has satisfied the first prong of this exception because Michigan personal protection orders ("PPOs") generally last for too short a time to be subject to full review. (*See* 8/14/2024 Op. 17, ECF No. 64.)

Plaintiff now contends that he has satisfied the second prong of the exception because he intends to make additional statements about Defendant Fink and other officials from the Michigan Department of Corrections on social media and to appear at the courthouse and record Fink's court appearances, if any. (Booth Decl. ¶¶ 34-35, ECF No. 66-2.) He fears that, as a result, he will be

subjected to additional PPOs obtained through an *ex parte* process that will restrict his First Amendment rights.

Based on Plaintiff's representation, as well as the fact that it is Defendant's burden to show mootness and Defendant did not move for dismissal based on mootness, the Court finds that its show cause order has been satisfied. *Cf. Lindke v. King*, No. 19-cv-11905, 2023 WL 3634262, at *11 (E.D. Mich. May 24, 2023) (finding challenge to Michigan PPO statute not moot where the plaintiff asserted his intent to continue making public comments about the person who obtained the *ex parte* PPO).

Plaintiff's remaining objection addresses the Court's conclusion that he is not entitled to damages against Defendant Dush. The Court rejected Plaintiff's arguments on this issue in its order denying his motion for reconsideration. (*See* 8/30/2024 Order, ECF No. 75.)

Accordingly,

**IT IS ORDERED** that the Plaintiff's objections and response to the Court's show cause order (ECF No. 66) are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Court's order requiring Plaintiff to show cause (ECF No. 65) has been satisfied. At this time, the Court will not dismiss the claims against Dush as moot.

Dated: October 4, 2024            /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE